Nichols, C. J.
The plaintiffs in error are dependents of John H. Brittain, who, it is alleged in the original petition in this case, while engaged in the performance of certain duties as an employe of The G. R. Hopkins Co., of Marion, Ohio, was so injured that he died.
Application for compensation was made in due form to the state industrial commission. The claim was denied, the reason assigned being that the death of said John H. Brittain did not occur while he was in the pursuit' or in the course of his regular employment.
The dependents thereupon appealed to the court of common pleas of Marion county. The commission defended, its defense being that the deceased met his death by drowning, or from some other cause unknown, and not from any accident or injury sustained by him while acting in the course of his employment.
The case was tried, resulting in a verdict in favor of the dependents in the sum of $3,825. The trial judge overruled motion for a new trial and entered judgment on the verdict.
Error was prosecuted to the court of appeals of Marion county, where, upon hearing, the judgment of the court of common pleas was reversed for the *393 sole and only reason that the verdict of the jury was not sustained by sufficient evidence.
The journal entry in the court of appeals shows affirmatively that such judgment of reversal was concurred in by two judges of the court and dissented from by one judge thereof.
Error proceedings were thereupon commenced in the supreme court, the dependents coming as a matter of right, since the proceedings had in the court of appeals clearly constituted the case one in which a question arising under the constitution of Ohio was involved.
We have but the one question before the court, and it is here squarely for decision. Some other cases involving indirectly the same question have been brought to the court since the adoption of the new judicial amendment, but other errors have been so associated with the main question that until the instant case was reached the court has lacked the opportunity of passing upon this most important question.
The question is: What power, if any, has the court of appeals to reverse a judgment of the court of common pleas on the sole and only ground that the verdict of the jury on which the judgment was founded was not sustained by sufficient evidence, unless the judgment of reversal is concurred in by all the judges of such court ?
The constitution by its plain terms expressly denies the right of the court of appeals to reverse a judgment of a lower court on the weight of the evidence, except by the concurrence of all of the judges of the court.
*394 Is there any essential difference between the terms “weight of evidence” and “sufficient evidence ?” Unless there is, then the court in the instant case has attempted to exercise a power expressly denied it by the constitution.
It is claimed by the plaintiffs in error that these terms are identical in legal meaning and that their employment has always been interchangeable.
Sufficient is defined as “adequate,” “enough,” “as much as may be necessary.” When used in connection with evidence, it certainly implies some evidence. If we speak of one as lacking sufficient clothing to protect him from cold, it is not our meaning that he is entirely destitute of clothing, but rather that he needs more clothing.
• There is no possible sense in which the term “sufficient,” as associated with the word “evidence,” may be used so as to imply that there is an entire lack of evidence. It may be slight and unsatisfactory, or it may only be a little short of the amount required. In either case it may be insufficient, but still it is some.
In a given case if some evidence, however slight, is introduced by a plaintiff in support of his cause of action and tending to prove each and every material element necessary to be proven, then the case must under the state of our law go to the jury.
On the other hand, if there be say four essential and material elements necessary to enable the party to establish his case, and some competent evidence be introduced tending to prove three of these four material elements, but no competent evidence at all tending to prove the fourth of this series of ele *395 ments, then he has failed at the threshold, and it is then within the power of the court to direct a verdict of the jury against him. .
To illustrate, and using for illustration the instant case, the plaintiffs in error, before recovery could be had, must show:
1. That the employe was injured in the course of his employment.
2. That the injury was not self-inflicted.
3. That the injury resulted in death within the period of two years.
4. That they were dependents of the deceased at the time of his death.
5. That- the employer was a contributor to- the workmen’s compensation fund.
Now let us assume that second, third, fourth and fifth of these material facts were proven by uncontradicted testimony, but that no evidence at all had been offered proving or tending to prove the first essential fact; that is, that the employe was injured in the course of his employment.
If a record in such a state were submitted to the court of appeals, that court, only two judges concurring, could under the constitution reverse such judgment, if one had been rendered in favor, of claimants, not on the ground that the evidence was not sufficient, but for the reason that there was no evidence. In short, if the claimant fails to offer some proof in support of any one of many material elements that must concur to entitle him to recover, he fails, because there is no evidence, no matter how adequately he may support by legal evidence all of the other material elements in the case.
*396 It should not be overlooked that our statutes do not in just so many words empower a trial court to set aside the verdict of a jury, or the court’s own judgment for that matter, for the reason that the verdict or judgment is against the weight of the evidence. Paragraph 6 of Section 11576, General Code, provides that such verdict, or judgment, may be set aside if it is not sustained by sufficient evi- . dence. However, these terms have been used interchangeably both by bench and bar, and for many, many years have been given the same general meaning.
The attorney that files his motion to set aside the verdict or judgment generally follows the wording of the statute, and as a ground for new trial asserts that the verdict or judgment is not sustained ■ by sufficient evidence. When, however, he appears before the trial judge and argues his point, he ignores the question of sufficiency and proceeds to weigh the evidence. He will take up witness by witness, oppose the testimony of the one by the testimony of the other, and in his argument will dwell on the weight of the evidence. Then the trial judge in passing on the motion will do precisely the same thing. He will employ the term “weight of evidence” ten times to where he uses the term “sufficiency of evidence” once. Reference to reported decisions of trial courts will bear abundant proof of this statement. The circuit court in its review of judgments during the full period of its life of twenty-six years at no time attempted to discriminate between these expressions, and the supreme court, prior to the adoption of the *397 new judicial amendment, made absolutely no discrimination in the employment of these terms.
The case of Minnear v. Holloway, 56 Ohio St., 148, is illustrative. The first proposition of the syllabus is: “When a higher court reverses the judgment of a lower court upon the ground that the verdict or judgment is not sustained by sufficient evidence, or is against the weight of the evidence, the cause must be remanded to the lower court for a new trial.” Burket, C. J., in his opinion in that case, says, page 151, “upon a reversal of the judgment upon the ground that the judgment is not sustained by sufficient evidence, or is against the weight of the evidence, which is the same thing, the higher court may proceed,” etc.
In the case of Weaver v. C., S. & H. V. Ry. Co., 55 Ohio St., 495, Bradbury, J., says: “A Verdict, report or decision,’ however, should be regarded as against the weight of the evidence whenever the evidence is not sufficient to sustain it.”
Since the constitution was last amended this court in at least two cases has through its opinion employed these terms as if they had one and the same meaning.
The first case is that of The Mahoning Valley Ry. Co. v. Santoro, 93 Ohio St., 53, where in the opinion, page 58, Wanamaker, J., says: “One of the grounds therein specified for granting of a new trial is That the verdict, report, or decision is not sustained by sufficient evidence, or is contrary to law,’ which in effect is a verdict against the weight of the evidence, as it is sometimes paraphrased.”
*398 In a later case reported in 93 Ohio St., 396, Toledo Railways & Light Co. v. Paulin, Matthias, J., employs the terms as though they were synonymous.
Reference of this character from our own and foreign jurisdiction could be multiplied indefinitely without serving any useful purpose.
In view of the fact that the two phrases “against the weight of the evidence” and “not sufficient evidence” have so long been given the same meaning in our procedure, the framers of the amendment to Section 6, Article IV of the Constitution, will be presumed to have had that fact in mind and to. have intended that a court of appeals should not have authority to reverse a judgment of an inferior court on the ground that it is “against the weight of the evidence,” or that it is not sustained by “sufficient evidence,” unless the judgment of reversal is concurred in by all of the judges of the court.
The judgment of the court of appeals is consequently reversed and that of the common pleas affirmed.

Judgment reversed.

Wan am aker, Newman, Jones, Matthias, Johnson and Donahue, JJ., concur.